# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2020

Lyle W. Cayce
Clerk

No. 19-30553
Summary Calendar

In re: PADCO PRESSURE CONTROL, L.L.C.,

Debtor,

MICHAEL RAY CARR,

Appellant,

v.

CROSS KEYS BANK; JOHN W. LUSTER,

Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-1643

Before JONES, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Michael Ray Carr challenges a bankruptcy court's sanctions judgment. "In reviewing cases originating in bankruptcy, we 'perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de *novo*.'"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30553

*See In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007) (quoting *Nationwide Mut. Ins. Co. v. Berryman Prods. (In re Berryman)*, 159 F,3d 941, 943 (5th Cir. 1998)).

Carr first argues that the bankruptcy court lacked personal jurisdiction over him because he was not properly served with the motion for sanctions or notice of hearing. The Supreme Court has held that "personal jurisdiction is a waivable right," such that a party may give "express or implied consent to the personal jurisdiction of the court." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). By attending his hearings and contesting the imposition of sanctions, Carr consented to the bankruptcy court's exercise of jurisdiction over him.

Carr also challenges the bankruptcy court's calculation of sanctions and argues that newly discovered evidence calls into question the credibility of a witness. His motion for relief from the sanctions order is governed by Federal Rule of Civil Procedure 60. *See* FED. R. BANKR. P. 9024. We have held that a Rule 60(b) motion is "not a substitute for the ordinary method of redressing judicial error—appeal." *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo v. Exxon*, 699 F.3d 693, 696 (5th Cir. 1983)). Having carefully considered Carr's arguments, we are not persuaded that the bankruptcy court erred in denying the motion.

AFFIRMED.